UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, § § § Plaintiff, § v. § § CELLCO PARTNERSHIP d/b/a VZW § WIRELESS § § Defendants. § | | C.A. NO. _____ JURY TRIAL REQUESTED |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mobile Telecommunications Technologies, LLC ("MTel"), by and through its undersigned counsel, files this complaint against Defendant Cellco Partnership, doing business as Verizon Wireless ("Defendant" and "VZW") for infringement of U.S. Patent Nos. 5,590,403 (the "'403 Patent"), 5,659,891 (the "'891 Patent"), 5,915,210 (the "'210 Patent"), and 5,581,804 (the "'804 Patent") (collectively, the "Asserted Patents" or the "Patents-in-Suit") in accordance with 35 U.S.C. § 271 and alleges as follows:

**PARTIES**

1. Plaintiff MTel is a Delaware limited liability company having a principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, TX 75057.

2. MTel is a wholly owned subsidiary of United Wireless Holdings, Inc. ("United Wireless").

3. MTel's predecessor was a pioneer of two-way wireless data communications. MTel's affiliates, including Velocita, remained competitors in the provision of wireless data services at all times relevant to the claims asserted here, including operating and owning a wireless network based out of Lewisville, Texas.

4.      Upon information and belief, Defendant Cellco Partnership, doing business as Verizon Wireless, is a general partnership organized and existing under the laws of the State of Delaware, with its principal place of business at One Verizon Way, Basking Ridge, New Jersey, 07920.  VZW may be served with process through its registered agent, Corporation Trust Company, located at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

5.      Upon information and belief, VZW has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Texas.

6.      MTel alleges, upon information and belief, VZW offers its customers service to several infringing wireless networks, including 4G Long Term Evolution and 4G LTE-Advanced (collectively "4G LTE").  MTel alleges, upon information and belief, that VZW offers its 4G LTE service in at least 500 markets, including Dallas, Austin, Tyler, Plano, Marshall, and Houston, Texas and that VZW's 4G LTE networks operate in the FCC-licensed 700 MHz and 1700/2100 MHZ spectrums.  VZW has offered this service in Texas since at least Dec. 5 2010.

7.      MTel alleges, upon information and belief, that VZW's 4G LTE networks support or use transmission configurations in accordance with technical standards described in 3rd Generation Partnership Project ("3GPP") Releases 8, 9, 10, and 11.  MTel alleges, upon information and belief, that VZW's wireless 4G LTE networks use Multiple-Input Multiple-Output ("MIMO"), Orthogonal Frequency Division Multiplexing ("OFDM"), and similar functionalities, including but not limited to orthogonal frequency division multiple access ("OFDMA"), single carrier-frequency division multiple access ("SC-FDMA"), multicast

transmission capabilities, multicast transmission capabilities, certain subcarrier frequency structures, and network attachment features.

8. VZW has voluntarily and purposely placed these and other products and services into the stream of commerce with the expectation that they will be offered for sale and sold in Texas and in this judicial district.

## JURISDICTION AND VENUE

9. This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over the matters pleaded in this complaint under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

10. This Court has personal jurisdiction over the Defendants under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042. Defendants have conducted and regularly conduct business within the United States and this District. Defendants have purposefully availed themselves of the privileges of conducting business in the United States, and more specifically, in Texas and this District. In addition, this Court also has personal jurisdiction over VZW because VZW conducts business in Texas and in this judicial district. In addition, directly or through intermediaries (including through their agents, subsidiaries, affiliates, and others), Defendants have committed acts of patent infringement in Texas by using and/or making infringing products and/or services in this District, as detailed in paragraphs 5-8 above.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(c) because, among other reasons, Defendants are subject to personal jurisdiction in this District and

have committed acts of infringement in this District, including using and/or making infringing products and/or services in this District.

## FIRST CLAIM FOR RELIEF
### Infringement of United States Patent No. 5,590,403

12. MTel incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

13. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '403 Patent, entitled "Method and System for Efficiently Providing Two Way Communication between a Central Network and Mobile Unit," on December 31, 1996. MTel is the assignee of all right, title, and interest in and to the '403 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement. Each and every claim of the '403 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. 35 U.S.C. § 282. A true and correct copy of the '403 Patent is attached as Exhibit A.

14. MTel alleges, upon information and belief, that processes VZW uses in the United States during the relevant time frame, directly infringe one or more claims of the '403 Patent. MTel alleges, upon information and belief, that VZW's 4G LTE networks and products infringe one or more claims of the '403 Patent literally and/or under the doctrine of equivalents, by, among other things, using MIMO functionality, such as adaptive MIMO mode switching, dynamically reassigning transmitters due to changing conditions within the network, or load balancing transmitters to achieve efficient coverage and capacity.

15. As a result of VZW's unlawful infringement of the '403 Patent, MTel has suffered damage. MTel is entitled to recover from Defendants damages adequate to compensate for such infringement.

## SECOND CLAIM FOR RELIEF
### Infringement of United States Patent No. 5,659,891

16. MTel incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

17. The USPTO duly and lawfully issued the '891 Patent, entitled "Multicarrier Techniques in Bandlimited Channels," on August 19, 1997. MTel is the assignee of all right, title, and interest in and to the '891 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past, present, and future infringement. Each and every claim of the '891 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. 35 U.S.C. § 282. A true and correct copy of the '891 Patent is attached as Exhibit B.

18. MTel alleges, upon information and belief, that VZW's 4G LTE networks and products directly infringe one or more claims of the '891 Patent literally and/or under the doctrine of equivalents, by among other things, using certain subcarrier frequency structures in, for example, OFDM.

19. As a result of VZW's unlawful infringement of the '891 Patent, MTel has suffered and continues to suffer damage. MTel is entitled to recover damages from VZW adequate to compensate for such infringement.

## THIRD CLAIM FOR RELIEF
### Infringement of United States Patent No. 5,915,210

20. MTel incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

21. The USPTO duly and lawfully issued the '210 Patent entitled, "Method and System for Providing Multicarrier Simulcast Transmission," on June 22, 1999. MTel is the assignee of all right, title, and interest in and to the '210 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past, present, and future infringement. Each and every claim of the '210 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. 35 U.S.C. § 282. On information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, MTel has complied with the requirements of that statute. A true and correct copy of the '210 Patent is attached as Exhibit C.

22. MTel alleges, upon information and belief, that VZW's networks and products during the relevant time frame directly infringe one or more claims of the '210 Patent literally and/or under the doctrine of equivalents when VZW makes, uses, sells, or offers to sell access to its wireless 4G LTE networks and equipment that employ MIMO functionality, multicast capabilities, and certain multi-carrier frequency structures.

23. MTel alleges, upon information and belief, that VZW's use of MIMO configurations in accordance with technical standards described in 3GPP Releases 8, 9, 10, and 11 during the relevant time frame also directly infringe literally and/or under the doctrine of equivalents one or more of the claims of the '210 Patent.

24. As a result of VZW's unlawful infringement of the '210 Patent, MTel has suffered damage. MTel is entitled to recover damages from VZW adequate to compensate for such infringement.

## FOURTH CLAIM FOR RELIEF
### Infringement of United States Patent No. 5,754,804

25. MTel incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

26. The USPTO duly and lawfully issued the '804 Patent, entitled "Nationwide Communication System," on December 3, 1996. MTel is the assignee of all right, title, and interest in and to the '804 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past, present, and future infringement. Each and every claim of the '804 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. 35 U.S.C. § 282. A true and correct copy of the '804 Patent is attached as Exhibit D.

27. MTel alleges, upon information and belief, that processes used by VZW in the United States directly infringe one or more claims of the '804 Patent. MTel alleges, upon information and belief, that VZW's networks and products infringe one or more claims of the '804 Patent literally and/or under the doctrine of equivalents, by, among other things, using ways and methods of registration of mobile devices, as used in 3GPP's network attach procedures.

28. MTel alleges, upon information and belief, that users of VZW's nationwide wireless 4G LTE networks, are also direct infringers, literally and/or under the doctrine of equivalents, of one or more claims of the '804 Patent.

29. As a result of VZW's unlawful infringement of the '804 Patent, MTel has suffered and continues to suffer damage. MTel is entitled to recover from VZW damages adequate to compensate for such infringement.

## MARKING

30. On information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, MTel has complied with the requirements of that statute. As MTel had no products to mark, the provisions of 35 U.S.C. § 287 cannot apply to bar pre-suit damages.

## CONCLUSION

31. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

32. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## DEMAND FOR JURY TRIAL

33. In accordance with Federal Rule of Civil Procedure 38(b), MTel hereby demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MTel prays for entry of judgment against Defendants as follows:

A. That VZW has directly infringed each of the Asserted Patents under 35 U.S.C. § 271(a);

B. That VZW provide to MTel an accounting of all gains, profits, savings, and advantages derived by VZW's direct infringement of the Asserted Patents, and that MTel be awarded

    damages adequate to compensate for the wrongful infringement by VZW, in accordance with 35 U.S.C. § 284, including up to treble damages for willful infringement of the Patents-in-Suit as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

C.     That this case be declared an exceptional one in favor of MTel under 35 U.S.C. § 285, and that MTel be awarded its reasonable attorneys' fees and all other costs and expenses incurred in connection with this civil action in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

D.     A judgment and order requiring Defendants to pay Plaintiff prejudgment and post judgment interest on the damages awarded; and

E.     That MTel receive all other or further relief as this Court may deem just or proper.

Dated: November 30, 2016

Respectfully Submitted,

*/s/ Daniel Scardino*
Daniel Scardino
Texas State Bar No. 24033165
Henning Schmidt
Texas State Bar No. 24060569
Anthony D. Seach
Texas State Bar No. 24051897
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
hschmidt@reedscardino.com
aseach@reedscardino.com

**ATTORNEYS FOR PLAINTIFF**
**MOBILE TELECOMMUNICATIONS**
**TECHNOLOGIES, LLC**